Abraham Erschler v. Lucy Lennox et al.— Motion for leave to go to the Court of Appeals denied. All concurred. No opinion.

James B. Klock and Robert A. Klock, Respondents, v. Alice C. Moir, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

---

## SECOND DEPARTMENT, JANUARY TERM, 1897.

Henry A. Powell, as Assignee of John C. Provost, Respondent, v. John P. Schenck, Appellant.— Order referring action affirmed, without costs.   Order denying motion to resettle order modified by striking out award of costs, and order as modified and order denying motion to vacate affirmed, without costs.—

CULLEN, J.: This action was brought to recover for a bill of goods sold and delivered by plaintiff's assignor to the defendant, and also for the amount of six promissory notes made by defendant to plaintiff's assignor. The defendant answered, alleging that during the years 1891 and 1892 the defendant and plaintiff's assignor had extensive dealing; that goods were sold and delivered by plaintiff's assignor, and monthly bills rendered therefor; that defendant gave notes and checks on account, but at the request of plaintiff's assignor and for his accommodation the notes were given in excess of the actual amounts due, and that not only all the notes in suit were thus accommodation notes, but, in addition thereto, he had overpaid plaintiff's assignor $1,1 7.86. For this sum and for a further claim of $535.01 for the value of labor performed and for materials furnished to the plaintiff's assignor, he sought to counterclaim. On the trial the defendant claimed and was allowed the affirmative. After he had proceeded for some time with his testimony and had marked for identification numerous papers and accounts, the court ordered a reference. From that order the first appeal is taken. We think the order was properly granted. An inspection of the pleadings is probably sufficient to show that the trial of the action would involve a long account. Whatever doubt there might have been was set at rest by the examination of the defendant's first witness, from which it appears that the counterclaim for labor and materials alone would involve an account. It is true that the record on the appeal from this first order contains neither the pleadings nor the testimony and exhibits. These, however, appear in the records on the appeal from the third order, and thus we have them in the records. That they are not in the first record is the fault of the appellant. The record on the appeal from the order refusing to resettle the order of reference does not contain the papers on which the application was made. From the other records we are inclined to think it should have been granted in part at least. However, the matter is of no moment except that the appellant should be relieved from the costs imposed upon him on the denial of the motion. The order denying the motion to vacate the previous orders was properly made. The application was practically to review the determination of the trial justice on the question of what papers he considered on granting the motion. The order referring the action should be affirmed, without costs. The order denying motion to resettle order should be modified by striking out the award of costs, and this order as modified and the order denying motion to vacate should be affirmed, without .costs. All concurred.

Harriet W. Clark, Respondent, v. Middletown-Goshen Traction Company, Appellant.— Motion granted.

Matilda Halling, as Administratrix, etc., of Nicholas Halling, Deceased, Respondent, v. The Nassau Electric Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs. All concurred. No opinion.

John McDowell, Respondent, v. John P. Decker, James Kerr and Abigail J. Decker, Appellants (two cases).— Motion to dismiss appeal denied, without costs, with leave to renew the same upon the hearing of the appeal from the judgment.

In the Matter of the Application of Horace Comfort for Admission to Practice as an Attorney and Counselor.—Application granted, and applicant may appear and take the oath.

Julia McMahon Wheeler, Respondent, v. John T. Wheeler, Appellant.— Order modified by reducing counsel fee to seventy-five dollars and alimony to five dollars a week, and, as modified, affirmed, without costs. All concurred, except Cullen and Bartlett, JJ., who voted for reversal. No opinion.

Crandall Electric Signal Company, Respondent, v. John C. McLauchlin, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred. No opinion.

George B. Walters, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulates to reduce the verdict to $5,250. If plaintiff so stipulates, the judgment so reduced is unanimously affirmed, without costs. All concurred, except Goodrich, P. J., not sitting. No opinion.

Walter S. Carr, Appellant, v. John Charles Anderson, Respondent.— Motion denied.

James H. Carroll, Jr., Respondent, v. The Brooklyn Heights Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs. All concurred. No opinion.

Adelaide Davis, Respondent, v. Philip Fortenbach, Appellant.— Judgment and order unanimously affirmed, with costs. All concurred. No opinion.

Alfred Lindsay, Appellant and Respondent, v. Mary M. Gager and Frank P. Abbot, as Sole Executor of the Last Will and Testament of O. A. Gager, Deceased, Respondents and Appellants.—Application denied.

The Mutual Life Insurance Company of New York, Respondent, v. Daniel Doody and Another, Appellants, Impleaded with Others. — Order affirmed, with ten dollars costs and disbursements. All concurred, except Goodrich, P. J., not sitting   No opinion.

William O. Platt and William Man, as Trustees, v. The New York and Sea Beach Railway Company et al.— Motion to resettle order granted, and order as resettled directed to be entered *nunc pro tunc* as of October 27, 1896, and orders hitherto entered vacated.